S94A1436. MILLER v. THE STATE.
(452 SE2d 94)

FLETCHER, Justice.

Leon Miller was convicted of the felony murder of James Haynes based upon the underlying felony of aggravated assault against Haynes.[1] Miller was sentenced to life in prison. He appeals and we affirm.

In his sole enumeration of error, Miller contends that the evidence was insufficient to support a conviction of felony murder. We disagree. The evidence showed that Miller and Haynes, who was the

---

[1] The crime occurred on July 17, 1993. The grand jury indicted Miller on September 10, 1993. The verdict and sentence were filed on January 6, 1994. An untimely motion for new trial was filed February 8, 1994. A motion to file an out-of-time motion for new trial was filed and granted on February 11, 1994. The out-of-time motion for new trial was filed on February 11, 1994 and denied on April 11, 1994. A consent order allowing an out-of-time notice of appeal was filed May 17, 1994 and the notice of appeal was filed that day. The case was docketed in this Court on June 20, 1994 and submitted for decision without oral argument on August 15, 1994.

son of Miller's girl friend, argued over a bike the day before the murder. On the day of the murder, Miller was still upset about the argument and discussed it with Haynes' mother while he walked her to work. She begged Miller to stay away from the house until she returned home.

Miller disregarded this advice and returned to the house where a fight ensued during which Haynes hit Miller and drew blood. Miller left and returned 45 minutes later with a loaded shotgun and shot Haynes in the back of the head. Miller fled and left the shotgun in bushes behind a friend's garage. Bernard Jelks, a friend of Miller's, testified that Miller came to his house that day and told him that Haynes had hit Miller and that Miller shot Haynes. On direct, Miller testified that he "snapped" when Haynes hit him. Miller also testified that he did not intend to shoot Haynes, but only intended to shoot at him to scare him and that the gun discharged accidentally.

After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Miller guilty of the crime charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 5, 1994.

*Melissa M. Nelson,* for appellant.

*J. Tom Morgan, District Attorney, Gregory J. Lohmeier, Robert W. Houman, Desiree S. Peagler, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.